IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALKER, Nathaniel | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: |
| | ) | |
| U.S. Department of Homeland Security, | ) | |
| Secretary Michael CHERTOFF; United States | ) | |
| Citizenship and Immigration Services, | ) | |
| Ruth A. DOROCHOFF, Chicago District | ) | |
| Director; Jonathan SCHARFIN, Acting Director, | ) | |
| USCIS; Michael MUKASEY, US Attorney | ) | |
| General and the United States of America, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR WRIT OF MANDAMUS

NOW COMES the Plaintiff NATHANIEL WALKER (hereinafter "Plaintiff"), by and through his attorneys, AzulaySeiden Law Group, and complains as follows:

## STATEMENT OF ACTION

1.      This action is brought to compel action on Plaintiff's properly filed Petition for Alien Relative ("Form I-130 Petition") with the United States Citizenship & Immigration Services ("USCIS") in Chicago, Illinois.  To the Plaintiff's detriment, Defendants have failed to adjudicate the Application.

## PARTIES

2.      Plaintiff is a native and citizen of the United States.  In 2006, Plaintiff filed an I-130 petition on behalf of his wife, Clementina Walker ("Clementina"), which remains pending to this day.

3.      Defendant Michael CHERTOFF ("Chertoff"), the Secretary for the Department of

1

Homeland Security ("DHS"), is being sued in his official capacity only.  Chertoff is responsible for

adjudication of Form I-130 Petitions pursuant to 8 U.S.C. §1225.

4.      Defendant, Ruth DOROCHOFF ("Dorochoff"), is the director of USCIS, Chicago,

and is being sued in her official capacity only. Dorochoff is charged with supervisory authority over

all of Chicago CIS operations and CIS agents and officers acting in their official capacity.

5.      Defendant, Jonathan SCHARFIN, is the Acting Director of USCIS and is being sued

in his official capacity only.

6.      Defendant, Michael MUKASEY ("Mukasey") is the Attorney General of the United

States and is being sued in his official capacity only.

## JURISDICTION

7.      This Court has original jurisdiction to hear both civil actions arising under the laws of

the United States and actions to compel an officer or employee of the United States or any agency

thereof to perform a duty.  28 U.S.C. §1331; 28 U.S.C. §1361. This Court also has jurisdiction to

grant declaratory relief pursuant to 28 U.S.C. §§2201-2202 and the relief is requested pursuant to

these statutes.

8.      This action is brought to compel the Defendants, officers and an agency of the United

States, to perform the duties arising under the laws of the United States.

9.      This Court has jurisdiction to hear actions arising from claims that an agency or an

officer or employee of a government agency failed to act in its official capacity and the person to

whom the duty owed suffered a legal wrong.  5 U.S.C. §702.

10.     This action invokes the Plaintiff's right to due process guaranteed by the Fifth

Amendment of the United States Constitution, over which this Court retains jurisdiction.

11.     This action is brought due to the failure of the USCIS and its officers to perform their duty to adjudicate the Plaintiff's Form I-130 Petitions within a reasonable amount of time.  Failure to adjudicate said applications has resulted in harm to the Plaintiff.

12.     Federal courts retain jurisdiction over adjudication matters when the INS (now USCIS) refuses to adjudicate their applications.  Iddir v. INS, 166 F.Supp.2d 1250, 1260 (N.D. Ill. 2001).

13.     The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") does not divest this Court of jurisdiction because the Plaintiff is not seeking a review of a denial; he is seeking to have the applications adjudicated, which is among the duties conferred upon the Defendants by Congress.  Id. at 1256.

## VENUE

14.     Venue is proper in this Court pursuant to 28 USC §1391(e), in that this is an action brought against officers and agencies of the United States in their official capacities, in the District where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

15.     Plaintiff's Form I-130 Petition was properly filed and, to Plaintiff's knowledge, remain pending with the National Benefits Center.

## EXHAUSTION OF REMEDIES

16.     Plaintiff has exhausted all administrative remedies.  Plaintiff has made numerous inquiries concerning the status of his Form I-130 Petitions and Defendants have failed to properly respond.

## CAUSE OF ACTION

17.     Plaintiff is a native and citizen of the United States.  **See Exhibit A**.

18.     In 2005, Plaintiff married Clementina, a native and citizen of Nigeria.  **See Exhibits B and C**.

19.     On March 12, 2006, Plaintiff filed an I-130 Petition on behalf of his wife, Clementina. This I-130 was rejected as Plaintiff failed to concurrently file an I-485 application.

20.     Subsequently on March 17, 2006, Plaintiff filed a second I-130 petition on Clementina's behalf along with an I-485 application, both of which remain pending with the USCIS 2 years after their filing. **See Exhibits D and E**.

21.     On April 27, 2006, USCIS issued a Request for Evidence requesting additional documentation of the sponsor's federal tax returns. **See Exhibit F.** Plaintiff, through prior counsel, responded to this request and Defendant acknowledged the response in June 2006.

22.     Subsequently, Plaintiff attended an initial interview on December 21, 2006.

23.     On May 22, 2007, Plaintiff attended an infopass session and was told that their case was still pending. **See Exhibit G.**

24.     On April 29, 2008, well beyond 60 days from the RFE receipt date, Plaintiff sent a status inquiry letter to USCIS, however, Plaintiff did not receive a response.  **See Exhibit H.**

25.     On May 12, 2008, Plaintiff retained AzulaySeiden Law Group in this matter.

26.     On June 4, 2008, Plaintiff, through his attorney, attended an infopass at the Chicago, IL. office. USCIS stated that Plaintiff's case was still under review by the officer.

27.     On June 10, 2008, Plaintiff made an online inquiry as to the status of his pending I-

130 petition which indicated that the case is pending at the National Benefits Center. **See Exhibit**

**I.**

28.     There has not yet been a decision on Plaintiff's Form I-130 Petition, despite the fact

that the petition has been pending for two years and throughout that time numerous inquires

have been made with the USCIS.

29.     Plaintiff has been greatly damaged by the failure of the Defendants to act in accordance

with their duties under law:    Plaintiff has a meritorious I-130 Petition that has not been

adjudicated because of the Defendants refusal to do so.

30.     The Defendants' delay in processing of Plaintiff's Form I-130 Petitions has further

deprived the Plaintiff of his right to due process under the law as guaranteed by the Fifth

Amendment of the United States Constitution.

31.     The Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. §701 et

seq. are unlawfully withholding and unreasonably delaying action on Plaintiff's Form I-130

Petitions and have consequently failed to carry out the adjudicative functions delegated to them by

law with regard to Plaintiff's case.

32.     Plaintiff has made numerous status inquiries in an attempt to secure adjudication of

his petitions, to no avail.  Accordingly, Plaintiff has been forced to pursue the instant action.

**PRAYER**

WHEREFORE, Plaintiff requests that this Honorable Court enter an order:

(a)     Requiring Defendants to adjudicate Plaintiff's Form I-130 Petitions;

(b)    Awarding Plaintiff reasonable attorney's fees pursuant to 28 U.S.C. §2412 for

failure of the Defendants to perform their duties within a reasonable amount of

time; and

(c)    Granting such other relief at law and in equity as justice may so require.


Date: June 24, 2008                                    Respectfully Submitted,


                                                       s/CAROLINA YAMAZAKI
                                                       AzulaySeiden Law Group
                                                       205 North Michigan Avenue
                                                       40th Floor
                                                       Chicago, IL 60601
                                                       (312) 832-9200 x 132